**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

3M COMPANY,

    Plaintiff,

v.

                                    Case No.: 6:20-cv-00648

GEFTICO, LLC,

    Defendant.
_____/

**UNOPPOSED MOTION TO RESCHEDULE/POSTPONE HEARING ON PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND SUPPORTING MEMIORANDUM OF LAW**

    Defendant, Geftico, LLC ("Geftico"), by and through its undersigned counsel, and pursuant to Local Rule 4.06, hereby moves this Court to reschedule/postpone the hearing on Plaintiff's, 3M Company ("3M"), Motion for Temporary Restraining Order and Preliminary Injunction and Supporting Memorandum of Law (the "Preliminary Injunction Motion") (Dkt. 11), extend the temporary restraining order concomitantly per Local Rule 4.06(b)(4), and hold the rescheduled hearing via Zoom (or similar application), and in support thereof, states:

**Background**

    1.    On April 14, 2020, 3M filed a 30-page Complaint and Demand for Jury Trial (the "Complaint") (Dkt. 1) against Geftico asserting seven (7) complex causes of action under both state and federal law: (a) Count I, trademark infringement under 15 U.S.C. § 1114(1); (b) Count II, unfair competition, false endorsement, false association, and false designation of origin under 15 U.S.C. § 1125(a)(1)(A); (c) Count III, trademark dilution under 15 U.S.C. § 1125(c); (d) Count IV, false advertising under 15 U.S.C. § 1125(a)(1)(B); (e) Count V,

violation of Florida's Unfair and Deceptive Trade Practices Act, § 501.201, *et seq.*, Fla. Stat. ("FDUTPA"); (f) Count VI, dilution under section 495.151, Fla. Stat.; (g) Count VII, trademark infringement under section 495.131, Fla. Stat.; and (h) Count VIII, unfair competition under Florida common law. Along with the Complaint, 3M also filed 12 Exhibits allegedly in support of the Complaint.

2. On April 30, 2020, 3M filed a 25-page Preliminary Injunction Motion with this Court (Dkt. 11), wherein 3M sought a temporary restraining order and a preliminary injunction to prevent Geftico from selling 3M products based on all eight of the causes of action asserted in the Complaint.

3. Later that day, this Court issued an Order granting a temporary restraining order (the "TRO") and deferring a ruling on the preliminary injunction request. (Dkt. 16). In that Order, this Court directed that Geftico appear for an evidentiary hearing on the Preliminary Injunction Motion on **May 7, 2020, at 1:30 p.m.** at the federal courthouse. The Order noted that Geftico does not have to file a written response to said Motion and may rely on oral argument.

4. The next day, Friday, May 1, 2020, at 12:22 p.m., 3M's counsel sent an email to Geftico's counsel notifying Geftico of the entry of the Order. At that time, Geftico and its counsel received only six (6) days' notice prior to the hearing on the Preliminary Injunction Motion, leaving Geftico and its counsel little time to prepare for a major hearing in a factually and legally complex Lanham Act action. Moreover, on the date of the hearing—May 7, 2020—the undersigned's (who is Geftico's lead trial counsel) wife is scheduled to have one of her five (5) plasmapheresis treatments to address her body's rejection of her newly transplanted

kidney. Consequently, Geftico needs additional time to prepare for said hearing (including to prepare a responsive brief and counter-affidavits) and hereby requests that the hearing be temporarily rescheduled/postponed until at least May 15, 2020 (which would be 14 days from the date that Geftico received notice of the TRO).

5. Today, May 4, 2020, Geftico's counsel contacted 3M's counsel to obtain 3M's consent to a postponement/rescheduling of the hearing on the Preliminary Injunction Motion. 3M's counsel consented to the relief in writing, stating as follows: "Geftico may seek to continue the hearing under Local Rule 4.06(b)(4) with a corresponding extension of the TRO. 3M will not oppose Geftico's request for a continuance that includes an extension of the TRO and a provision for the hearing to be conducted via Zoom." See Exhibit "A".

6. Neither party will be prejudiced by a brief postponement of the hearing on the Preliminary Injunction Hearing.

**Memorandum of Law**

7. Local Rule 4.06 titled "Preliminary Injunctions" contemplates that a defendant opposing a motion requesting a preliminary injunction be given at least fourteen (14) days' notice in advance of the hearing on that motion. See Loc.R. 4.06(a). Said Rule goes on to state that all counter-affidavits or responsive brief be filed "not later than seven (7) days before the hearing." See Loc.R. 4.06(b)(3). Regarding postponement of a preliminary injunction hearing, the Rule provides that "if the parties desire additional time to prepare, and so stipulate in writing, the scheduled hearing may be postponed and the temporary restraining order (if one has been issued) will be extended as provided in Rule 65(b), Fed.R.Civ.P." See Loc.R. 4.06(b)(4).

8.     Currently, from the date that Geftico and its counsel received notice of the TRO and the scheduled hearing on the Preliminary Injunction Motion, Geftico and its counsel will only have <u>six (6) days</u> within which to prepare for a preliminary injunction hearing involving factually and legal complex causes of action, including but not limited to those based on the Lanham Act.  By contrast, 3M and its counsel had <u>two weeks</u> between the filing of the Complaint and the filing of the Preliminary Injunction Motion to prepare same, as well as an <u>additional week</u> following the issuance of the TRO.

9.     Although Geftico is not required to file a response in opposition, Geftico would prefer to do so along with supporting counter-affidavits/declarations, and Geftico and its counsel need additional time to prepare these materials and to prepare for the preliminary injunction hearing.  Notably, 14 days from the date that the Geftico received notice of the hearing would be Friday, May 15, 2020.  Therefore, Geftico respectfully requests that this Court grant this Motion and reschedule/postpone the preliminary injunction hearing until at least Friday, May 15, 2020.

10.     Part and parcel with this request to postpone is that the parties' consent to the extension of the TRO as required by Local Rule 4.06(b)(4), as well as to the use of Zoom (or similar application) to conduct the hearing to address COVID-19 concerns.

**WHEREFORE,** Geftico respectfully requests that this Court grant the instant Motion, reschedule/postpone the preliminary injunction hearing until at least May 15, 2020, extend the TRO per Local Rule 4.06(b)(4) concomitant with a new hearing date, permit the parties to use Zoom (or similar application) to conduct the hearing, and provide such other and further relief that this Court deems just and equitable.

## CERTIFICATE OF SERVICE

I hereby certify that on May 4, 2020, I electronically filed the foregoing with the Clerk of Court by using CM/ECF system which will send a notice of electronic filing to Plaintiff's Florida counsel, Joseph M. Wasserkrug,, Esq., and on Plaintiff's Illinois counsel, Michael W. Weaver, Esq. (mweaver@mwe.com).

*/s/ Brandon W. Banks*
Brandon W. Banks, Esq.
Florida Bar No.: 587461
Brian M. Walsh, Esq.
Florida Bar No.: 10968
**WALSH BANKS LAW**
P.O. Box 2271
Orlando, FL 32802
Ph: (407) 259-2426; Fx: (407) 391-3626
Email: brandon.banks@walshbanks.com
Email: brian.walsh@walshbanks.com
Secondary Email: service@walshbanks.com

## LOCAL RULE 3.01(G) GOOD FAITH CERTIFICATE

In accordance with Local Rule of Civil Procedure 3.01(g), on May 4, 2020, Geftico's counsel contacted counsel for 3M regarding the relief requested in the instant Motion. Counsel for Defendants responded that: "Geftico may seek to continue the hearing under Local Rule 4.06(b)(4) with a corresponding extension of the TRO. 3M will not oppose Geftico's request for a continuance that includes an extension of the TRO and a provision for the hearing to be conducted via Zoom." See Exhibit "A".

*/s/ Brandon W. Banks*
Brandon W. Banks, Esq.